IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SHIRLEY T. RUHEL, and
EDWARD H. RUEHL,

               Plaintiffs,                    CIVIL ACTION NO: _____

vs.

S.N.M. ENTERPRISES, INC.,

               Defendant.

## COMPLAINT

NOW COME the Plaintiffs, Shirley T. Ruehl and Edward H. Ruehl, who for their Complaint against the Defendant, S.N.M. Enterprises, Inc., state as follows:

### THE PARTIES

1.     The Plaintiff, Shirley T. Ruehl, is an adult individual who, at all times material and relevant herein, has lived at 16144 Brookmere Avenue, Fishers, Indiana, 46037.

2.     The Plaintiff, Edward H. Ruehl, is an adult individual, and the husband of the Plaintiff, Shirley T. Ruehl, who, at all times material and relevant herein, has lived at 16144 Brookmere Avenue, Fishers, Indiana, 46037.

3.     The Defendant, S.N.M. Enterprises, Inc. (hereinafter referred to as "S.N.M. Enterprises") is and has been at all times material and relevant herein, a corporation organized under the law of the State of Pennsylvania, with a registered business address of 252 Bow Creek Road, Grantville, Pennsylvania, 17028,

4.     At all times material and relevant herein, the Defendant, S.N.M. Enterprises owned, operated, possessed, maintained, and controlled the Hampton Inn, located at 1280 York Road, Gettysburg, Adams County, Pennsylvania, 17325.



BORDAS
AND
BORDAS
ATTORNEYS, PLLC

1358 National Road
Wheeling, WV 26003
t 304-242-8410
f 304-242-3936

106 East Main Street
St. Clairsville, OH 43950
t 740-695-8141
f 740-695-6999

526 7th Street
Moundsville, WV 26041
t 304-845-5600
f 304-845-5604

bordaslaw.com

1

## JURISDICTION AND VENUE

5.     The allegations contained in paragraphs 1-4 above are incorporated herein fully by reference.

6.     Jurisdiction exists by virtue of 28 U.S.C. §1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Venue is proper under 28 U.S.C. §1391(b)(1) because the Defendant is a resident of Pennsylvania and of this judicial district. Venue is also proper under §1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTS

8.     The allegations contained in Paragraphs 1-7 above are incorporated fully herein by reference.

9.     On August 13th, 2013, Shirley T. Ruehl and Edward H. Ruehl were on the premises of the Hampton Inn in Gettysburg, Pennsylvania, for business purposes, and were therefore, business invitees.

10.    As a business invitee, Shirley T. Ruehl was owed a duty of reasonable care by the Defendant in the maintenance and operation of the hotel, and was entitled to assume that the same had been rendered safe for her entry and use.

11.    Sometime during the evening of August 13th, 2013, Shirley T. Ruehl was walking from the outside of the Hampton Inn into the hotel lobby and as she passed through the automatic sliding doors that opened directly to the outside of the building, the doors suddenly and unexpectedly closed on her, striking her in the right arm and knocking her to the ground.

## LIABILITY

12.     The allegations contained in Paragraphs 1-11 above are incorporated fully herein by reference.

13.     At all times material and relevant herein, the Defendant had a non-delegable and non-dischargeable duty to maintain the automatic sliding doors in a manner that was compliant with all applicable safety standards, and in a manner that would ensure that the doors were fit for use by the public.

14.     The Defendant breached its duty of care owed to Shirley T. Ruehl in one or more of the following particulars:

    a.    failing to maintain the automatic sliding doors in a manner that was compliant with American National Standards Institute ("ANSI") sections 8, 8.1.1, 8.1.2, 8.1.3, 10, 10.1.1, 10.1.3, and A156.10;

    b.    failing to perform daily safety and maintenance checks on the automatic sliding doors;

    c.    failing to have policies and procedures in place for performing daily safety  and safety checks on the automatic sliding doors;

    d.    failing to properly train and instruct employees to perform daily safety and maintenance checks on the automatic sliding doors;

    e.    failing to keep records of safety and maintenance checks performed on the automatic sliding doors;

    f.    failing to make its premises reasonably safe for guests who were entering or exiting the hotel;

    g.    intentionally concealing and covering up stickers which provided reminders to perform the daily maintenance and safety checks;

    h.    failing to warn guests of malfunctions in the operation of the automatic sliding doors, to the extent that any malfunctions were detected;

    i.    continuing to operate the automatic sliding doors and allow guests to enter and exit through the automatic sliding doors, to the extent that any malfunctions were detected; and

    j.    failing to act with reasonable care generally in the maintenance and operation of the automatic sliding doors.

15.     As a direct and proximate result of the wrongful conduct of the Defendant, Shirley T. Ruehl has suffered all of the harms, injuries and damages set forth below.

## DAMAGES

16.     The allegations contained in Paragraphs 1-15 above are incorporated fully herein by reference.

17.     As a direct and proximate result of the conduct of the Defendant, Shirley T. Ruehl suffered at least the following injuries:

        a.     a temporal bone fracture;

        b.     a cerebral cortical contusion;

        c.     a traumatic cerebral intraparenchymal hemorrhage;

        d.     a complex partial seizure;

        e.     pre-renal azotemia;

        f.     respiratory failure;

        g.     bruises and injuries to the right arm and shoulder; and

        h.     anxiety, agitation, depression, and mood swings.

18.     It is reasonably certain that many of the injuries sustained by the Plaintiff, Shirley T. Ruehl, are permanent in nature.

19.     As a direct and proximate result of the conduct of the Defendant, Shirley T. Ruehl required lengthy hospitalization and rehabilitation, and was unable to return home until April 29, 2014, over seven (7) months after the subject incident.

20.     As a direct and proximate result of the wrongful conduct of the Defendant, Shirley T. Ruehl has incurred expenses in the renovation of her home, which have been necessary to accommodate her disabling injuries.

4

21.     As a direct and proximate result of the conduct of the Defendant, Shirley T. Ruehl, has incurred, and is reasonably certain to continue to incur, medical bills and other expenses related to her rehabilitation and care.

22.     As a direct and proximate result of the conduct of the Defendant, Shirley T. Ruehl has suffered, and is reasonably certain to continue to suffer, physical pain, mental and emotional anguish, annoyance, inconvenience, and a diminishment in her ability to fully function and enjoy life.

## LOSS OF CONSORTIUM

23.     The allegations contained in Paragraphs 1-22 above are incorporated fully herein by reference.

24.     As a direct and proximate result of the wrongful conduct of the Defendant, the Plaintiff, Edward H. Ruehl, has suffered a loss of the services, care, comfort, protection and assistance provided by his wife, Shirley T. Ruehl, and is reasonably certain to continue to suffer such losses on a permanent basis into the future.

25.     As a direct and proximate result of the wrongful conduct of the Defendant, the Plaintiff, Edward H. Ruehl, has suffered and is reasonably certain to continue to suffer annoyance, aggravation, inconvenience and emotional distress due to the injuries of his wife, Shirley T. Ruehl.

## PUNITIVE DAMAGES

26.     The allegations contained in Paragraphs 1-25 above are incorporated fully herein by reference.

27.   The acts and omissions of the Defendant were intentional, willful, unlawful and outrageous, and were done in bad faith and exhibited a conscious disregard of the Plaintiffs' rights.

28.   The acts and omissions of the Defendant were of such a nature that the Plaintiffs are entitled to receive punitive damages in order to punish the Defendant, and to deter the Defendant from engaging in similar conduct in the future.

WHEREFORE, the Plaintiffs respectfully pray that judgment be entered against the Defendant, S.N.M. Enterprises, Inc., for compensatory and general damages in a sum to be determined by the jury, including, but not limited to, prejudgment and post judgment interest, attorneys' fees and costs expended in this action, any other specific or general relief that may become apparent as this matter progresses, and such other relief as this Court deems proper.

**A JURY TRIAL IS DEMANDED ON ALL ISSUES**

SHIRLEY T. RUEHL, and
EDWARD H. RUEHL,

Plaintiffs.

By:

Tyler J. Smith (#70492)
BORDAS & BORDAS, PLLC
1358 National Road
Wheeling, WV 26003
Telephone: (304) 242-8410
tsmith@bordaslaw.com
*Counsel for Plaintiffs.*