**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SHIRLEY T. RUEHL, <u>et</u> <u>al.</u>                :
              **Plaintiff**                :        **No. 1:15-cv-00168**
                                :
       **v.**                        :        **(Judge Kane)**
                                :
S.N.M. ENTERPRISES, INC.,            :
              **Defendant**              :

<u>MEMORANDUM</u>

Before the Court is Defendant's motion to dismiss Plaintiffs' claim for punitive damages

pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons that follow, the Court will

deny Defendant's motion.

**I.     BACKGROUND**

On August 13, 2013, Plaintiffs, Shirley T. Ruehl ("Shirley") and her husband Edward H.

Ruehl ("Edward"), visited the Hampton Inn in Gettysburg, Pennsylvania.  (Doc. No. 1 ¶ 9.)

Defendant S.N.M. Enterprises, Inc., owned and operated the Hampton Inn.  (<u>Id.</u> ¶ 4.)  Plaintiffs'

complaint arises out of injuries allegedly incurred as a result of a malfunctioning automatic door

on the Hotel's property.  (<u>Id.</u> ¶ 11.)  Specifically, the complaint alleges that on the evening of

August 13, 2013, Shirley approached the lobby entrance to the Hampton Inn.  (<u>Id.</u>)  As she

proceeded through the sliding doors, the doors closed on her, "striking her in the right arm and

knocking her to the ground."  (<u>Id.</u>)  Plaintiffs aver that Defendant breached its duty of care by,

<u>inter</u> <u>alia</u>: (1) failing to perform daily safety and maintenance checks on the automatic sliding

doors; (2) intentionally concealing and covering up stickers which provided reminders to

perform the daily maintenance and safety checks; (3) failing to warn guests of malfunctions in

the operation of the automatic sliding doors; and (4) continuing to operate the automatic sliding doors and allowing guests to enter and exit through the automatic sliding doors.  (Doc. No. 1 ¶ 14.)

On November 10, 2014, Plaintiffs initiated the above-captioned action against Defendant. (Doc. No. 1.)  Plaintiffs initially filed their complaint in the United States District Court for the Eastern District of Pennsylvania but, on January 26, 2014, that Court transferred the complaint to the United States District Court for the Middle District of Pennsylvania.  (Doc. No. 9.)  Plaintiffs seek general and compensatory damages for Shirley's alleged injuries and for Edward's loss of consortium.  (Doc. No. 1 ¶¶ 16-25.)  Plaintiffs also assert that the acts and omissions of Defendant were "intentional, willful, unlawful and outrageous," and therefore seek punitive damages.  (Id. ¶¶ 27-28.)  On February 5, 2015, Defendant filed a partial motion to dismiss, in which it asks the Court to dismiss Plaintiffs' claim for punitive damages.  (Doc. No. 11.) Specifically, Defendant contends that Plaintiffs improperly asserted a stand-alone claim for punitive damages.  (Id. ¶¶ 6-8.)  Defendant alternatively argues that Plaintiffs' claims against Defendant are rooted in ordinary negligence, and therefore do not entitle them to punitive damages.  (Id. ¶¶ 10-14.)  The motion is fully briefed and ripe for disposition.

## II.    LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to

relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

## III.   DISCUSSION

First, the Court will address Defendant's argument that Plaintiffs improperly bring a stand-alone claim for punitive damages under Pennsylvania law. Second, the Court will address

3

Defendant's argument that Plaintiffs fail to allege the type of outrageous conduct necessary to recover punitive damages under Pennsylvania law.

### A.      Stand-alone claim for punitive damages

The parties agree that Pennsylvania law governs this action.  (Doc. Nos. 11 ¶ 7, 13 at 2.) Defendant contends that Plaintiffs may include a demand for punitive damages within their demand for relief, but not as a stand-alone claim; Defendant views Plaintiffs' request for punitive damages as a stand-alone claim for punitive damages and therefore moves the Court to dismiss Plaintiffs' request.  (Doc. No. 12 at 4.)  However, Plaintiffs argue that their request for punitive damages is not a stand-alone claim, but is, rather, a request for damages contingent upon their negligence claim.  (Doc. No. 13 at 2-3.)

The purpose of punitive damages is to punish the defendant and to deter the defendant or others from engaging in similar conduct.  DiGregorio v. Keystone Health Plan E., 840 A.2d 361, 369 (Pa. Super. Ct. 2003).  A party cannot recover punitive damages separate and apart from an independent cause of action.  Id. at 370 (stating that "one cannot recover punitive damages independently from an underlying cause of action"); Hilbert v. Roth, 149 A.2d 648, 652 (Pa. 1959) ("The right to punitive damages is a mere incident to a cause of action.").  In Kirkbride v. Lisbon Contractors, Inc., the Pennsylvania Supreme Court stated: "[I]f no cause of action exists, then no independent action exists for a claim of punitive damages since punitive damages is only an element of damages."  555 A.2d 800, 802 (Pa. 1989) (stating further that "punitive damages must, by necessity, be related to the injury-producing cause of action").

As formatted, Plaintiffs' complaint invites two possible interpretations regarding their request for punitive damages.  On the one hand, the Plaintiffs' request for punitive damages has

its own separate heading in the complaint, and could therefore be interpreted, as Defendant has, as an independent claim for relief.  On the other hand, the Plaintiffs' request for punitive damages follows the request for damages, is not explicitly labeled as its own count, and appears to be premised on the underlying claims.  Therefore, it could be interpreted as part of the damages calculation.  Accordingly, to the extent that Plaintiffs' complaint may be read as brining an independent cause of action for punitive damages, it is dismissed.  But to the extent that the Plaintiffs seek punitive damages as part of the damages calculation contingent on their substantive underlying claim, the Court will not dismiss their request on this basis.

**B.**      **Outrageous conduct**

In the alternative, Defendant argues that Plaintiffs merely conclusorily assert that the Defendant's conduct was outrageous and willful.  (Doc. No. 11 ¶ 11.)  Specifically, Defendant contends that Plaintiffs' claim that Defendant was negligent in failing to properly maintain an automatic sliding door on its property is rooted in ordinary negligence, and Plaintiffs therefore fail to allege sufficiently wrongful conduct to entitle them to punitive damages.  (Id. ¶ 13.) Plaintiffs counter that they have "specifically and sufficiently pled facts that, if found true, could support a claim for punitive damages."  (Doc. No. 13 at 4.)

The law of punitive damages in Pennsylvania is settled: "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others."  Feld v. Merriam, 485 A.2d 742, 746-47 (Pa. 1984) (quoting Restatement (Second) of Torts § 908) (stating that when a landlord refuses to correct a known and verifiable defect, "the landlord has effectively perpetuated the risk of injury by refusing to correct a known and verifiable defect").  Punitive damages are proper only in cases where the

defendant's conduct is so outrageous as to amount to "willful, wanton or reckless" behavior. Hutchison v. Luddy, 870 A.2d 766, 770 (Pa. 2005).  Furthermore, "[t]he state of mind of the actor is vital.  The act, or the failure to act, must be intentional, reckless or malicious."  Feld, 485 A.2d at 748.  It follows that ordinary negligence is not enough to warrant punitive damages. Hutchison, 870 A.2d at 772; see Vance v. 46 & 2, Inc., 920 A.2d 202, 207 (Pa. Super. Ct. 2007) (stating that "where a tortfeasor's mental state rises to no more than gross negligence, punitive damages are not justified").

The Pennsylvania Supreme Court applies Section 500 of the Restatement (Second) of Torts when analyzing whether a state of mind constitutes reckless indifference.  Hutchison, 870 A.2d at 771 (citing Martin v. Johns-Manville Corp., 494 A.2d 1088, 1097 (Pa. 1985)).  Section 500 sets forth two different states of mind regarding reckless indifference.  Id.  The first is "where the 'actor knows, or has reason to know, . . . of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk.'"  Martin, 494 A.2d at 1098 (quoting Restatement (Second) of Torts § 500, cmt. a).  The second is "where the 'actor has such knowledge, or reason to know, of facts, but does not realize or appreciate the high degree of risk involved, although a reasonable man in his position would do so.'"  Id. (quoting Restatement (Second) of Torts § 500, cmt. a). Under Pennsylvania law, "only the first type of reckless conduct described in comment a to Section 500, is sufficient to create a jury question on the issue of punitive damages."  Hutchison, 870 A.2d at 771 (quoting Martin, 494 A.2d at 1097-98).  Therefore, a punitive damages claim "must establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act . . . in conscious disregard of that

risk."  Hutchison, 870 A.2d at 772 (citing Martin, 494 A.2d at 1097-98).

    In the instant case, Plaintiffs have pled that defendants "intentionally conceal[ed] and cover[ed] up stickers which provided reminders to perform the daily maintenance and safety checks."  (Doc. No. 1 ¶ 14(g).)  The Court finds that the allegation, if true, could establish that the Defendant obtained an appreciation of the risk of harm to Shirley, as is "a necessary element of the mental state required for the imposition of [punitive] damages."  Hutchison, 870 A.2d at 771 (quoting Martin, 494 A.2d at 1097 n. 12).  Therefore, the allegations in the complaint are sufficient to survive a motion to dismiss.  An order consistent with this memorandum follows.