# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD RUEHL, Individually** | : | Civil No. 1:15-CV-168 |
| **And as Administrator of the Estate** | : | |
| **of Shirley T. Ruehl, deceased,** | : | (Judge Kane) |
| | : | |
| **Plaintiff** | : | (Magistrate Judge Carlson) |
| | : | |
| v. | : | |
| | : | |
| **S.N.M. ENTERPRISES, INC.,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

The background to this order is as follows:

On Thursday, March 16, 2017, the parties jointly wrote to the Court with a time-sensitive discovery dispute concerning the defendant's deposition of the plaintiff's liability expert, Michael Panish, which is scheduled to be taken on Monday, March 20, 2017, at 12:00 p.m. The Court promptly convened a telephone conference with the parties on Friday, March 17, 2017, at 11:00 a.m. to address the dispute, and to hear from the plaintiff regarding the request for a protective order precluding the use of video equipment at Mr. Panish's deposition.

During the call, counsel for the defendants aptly noted that under the Federal Rules of Civil Procedure, the party noticing a deposition enjoys the right to direct

that a deposition will be recorded by video. *See* Fed. R. Civ. P. 30(b)(3)(A) ("The party who notices the deposition must state in the notice the method for recording the testimony. Unless the Court orders otherwise, testimony may be recorded by audio, audio-visual, or stenographic means."). Counsel for the defendant noted that the parties in the instant action have already taken a number of depositions by video, and that there has been no issue with this practice until Mr. Panish informed the plaintiff regarding his misgivings about having his deposition recorded in this manner.

The defendant then noted that case law in this field strongly supports the view that the party seeking a protective order bears the burden of proving that a protective order is warranted, and specifically a protective order barring use of a recording method expressly authorized by the Federal Rules of Civil Procedure. The defendant submitted that such a showing had not been made here, where Mr. Panish merely expressed a subjective, speculative and unfounded concern that his video recording would somehow be misused or his likeness somehow altered or his testimony mischaracterized and distributed via the internet to Mr. Panish's detriment.

Counsel for the plaintiff argued vigorously on behalf of Mr. Panish, and urged the Court to issue a protective order in this case, asserting that Mr. Panish had expressed genuine reservations about sitting for a videotaped deposition – a

practice that he has apparently managed to avoid despite having appeared as an expert witness in scores of cases.  According to the plaintiff's counsel, Mr. Panish is personally aware of instances where witness' testimony has been manipulated or edited and disseminated in a way that has worked injury to the witness.  He acknowledged that the parties have already taken many depositions by video in this case, but offered to forego further video depositions if it would cause the defendant to agree not to use video during Mr. Panish's deposition.  He also expressed his concern about the prejudice to his client if Mr. Panish were to refuse to testify, or even if Mr. Panish were to be held in contempt of Court for disregarding a subpoena.

Counsel for the defendant declined the plaintiff's invitation to forego further video depositions, but assured the plaintiff and the Court that he had no intention of using Mr. Panish's recorded deposition for any purpose other than defending his client in this civil action.  Nevertheless, he argued that he was entitled to take Mr. Panish's deposition by video, and had good cause to do so in order to prepare most effectively for trial in this litigation.

Upon consideration, and acknowledging the vigorous arguments that plaintiff's counsel advanced on Mr. Panish's behalf, the Court finds insufficient grounds to issue a protective order that would preclude the defendant from doing

that which it is entitled to do under the Rules: take Mr. Panish's deposition by video and stenographic means.

The Federal Rules of Civil Procedure expressly authorize the party noticing a deposition to choose the manner in which to record the deposition. Fed. R. Civ. P. 30(b)(3)(A). Courts have for years recognized that audio and visual recordings of depositions are "routine". *Gillen v. Nissan Motor Corp.*, 156 F.R.D. 120, 122 (E.D. Pa. 1994). Courts have thus long held that "the use of videotaped testimony should be encouraged and not impeded because it permits the jury to make credibility determinations not available when a transcript is read by another." *Weiss v. Wayes*, 132 F.R.D. 152, 155 (M.D. Pa. 1990). In contrast to a written transcript, a video allows lawyers and factfinders to assess "demeanor and appearance of the witness," *id.*, and courts have found that "facial expressions, voice inflection and intonation, gestures, 'body language' . . . may all express a message . . . ." *Fanelli v. Centenary College*, 211 F.R.D. 268, 270 (D.N.J. 2002) (quoting *Riley v. Murdock*, 156 F.R.D. 130, 131 (E.D.N.C. 1994)).

In order to overcome the right to take a deposition by video, and a judicial preference for this manner of recording, a party or witness may seek a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, which provides that a court may for good cause "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . .

. . ." Fed. R. Civ. P. 26(c). The Third Circuit Court of Appeals has cautioned, however, that "absent exceptional circumstances, protective orders should not serve to interfere" with court proceedings. *In re Grand Jury*, 286 F.3d 153, 159 (3d Cir. 2002). The party seeking a protective order has the burden of proving that there exists good cause to believe that the discovery or practice – in this case, videotaping a deposition – "will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). A party does not establish good cause by alleging a general or speculative alleged harm. *Fanelli*, 211 F.R.D. at 270.

Upon consideration of the plaintiff's argument for the issuance of a protective order, the Court finds that the plaintiff has not demonstrated that good cause exists to prevent the defendant from taking Mr. Panish's deposition by video, which is a manner expressly authorized by rule. Mr. Panish's subjective concerns about the potential for misuse of video or audio recording are speculative, and insufficient to override the defendant's right to record the deposition by video. Moreover, the defendant has represented to the Court that it has no intention of using Mr. Panish's deposition for any purpose other than defending against the claims in this litigation, and the Court credits the defendant's representations in this regard.

Recognizing that the defendant has a right to record Mr. Panish's deposition by video, and finding that the plaintiff has not demonstrated sufficient good cause for the issuance of a protective order, IT IS ORDERED THAT the plaintiff's request for a protective order to preclude the video recording of Mr. Panish's deposition is DENIED. The defendant shall be permitted to record Mr. Panish's deposition by video and stenographic means.

In order to address Mr. Panish's concerns, however; and to memorialize the defendant's representations regarding the intended use of the video recording of the deposition, IT IS FURTHER ORDERED THAT the parties shall use Mr. Panish's recorded deposition only for purposes of defending or prosecuting the claims in this litigation, and shall not disseminate the recording outside of these proceedings in the absence of a Court order.

So Ordered this 17th day of March, 2017.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge