IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| EDWARD H. RUEHL, individually and as Administrator of the Estate of Shirley T. Ruehl, deceased,<br><br>Plaintiff,<br><br>v.<br><br>S.N.M. ENTERPRISES, INC.,<br><br>Defendant. | CIVIL ACTION - LAW<br><br>NO: 1:15-CV-168<br><br>(KANE, J.)<br><br>(CARLSON, M.J.)<br><br>ELECTRONICALLY FILED |
|---|---|

## ORDER

Pending before the Court is a "Verified Motion and Application of Edward H. Ruehl, Administrator of the Estate of Shirley T. Ruehl for Permission to Settle Wrongful Death Claims and Distribute Proceeds."

UPON CONSIDERATION of the motion, the terms of the settlement, the affidavits and consents of Edward H. Ruehl, Rebecca Farley and Barbara (Babbi) Reagan, and the representations of counsel, all a matter of record, the Court makes the following FINDINGS:

1. Movant Edward H. Ruehl is the duly appointed Administrator of the Estate of Shirley T. Ruehl, deceased, as evidenced by the letter of administration which was attached as Exhibit A to the Petition.

2. On August 13, 2013, Movant's decedent, Shirley T. Ruehl, suffered a severe head injury when she fell near the sliding doors at the entrance of the Hampton Inn in Gettysburg, Pennsylvania, which was owned and operated by the defendant, SNM Enterprises, Inc. As a result of her brain injury, Mrs. Ruehl sustained serious and permanent physical injuries and cognitive deficits, which required extensive rehabilitation.

3. On November 10, 2014, Movant filed his Complaint in the United States District Court for the Eastern District of Pennsylvania alleging the defendant's negligence caused damages to Movant and his wife, Shirley T. Ruehl.

4. On January 22, 2015, the United States District Court for the Eastern District of Pennsylvania transferred the case to the United States District Court for the Middle District of Pennsylvania.

5. The parties were ordered to participate in a settlement conference on July 31, 2017, which resulted in an agreement to settle this case.

6. Notwithstanding the settlement agreement, currently pending before the Court is a motion for sanctions against Movant's liability witness for his failure to comply with the Court's order to participate in a video-taped deposition.

7. At the time of her death, Shirley T. Ruehl, was domiciled in the State of Indiana; therefore, pursuant to 20 Pa C.S. § 2202, Movant's rights as the surviving spouse are governed by Indiana Code § 29-1 et seq.

8. The decedent, Shirley T. Ruehl, left three (3) potential beneficiaries pursuant to Indiana Code § 29-1 et seq. All beneficiaries are adults over the age of eighteen (18) years:

   a. Edward H. Ruehl – *Husband of Shirley T. Ruehl*
      Westminster Village North
      Apt. 1002
      11050 Presbyterian Drive
      Indianapolis, IN 46236

   b. Rebecca Farley – *Daughter of Shirley T. Ruehl*
      12452 Anchorage Way
      Fishers, IN 46037

   c. Barbara (Babbie) Reagan – *Daughter of Shirley T. Ruehl*
      5147 Britten Lane
      Ellicott City, MD 21043

9. The decedent, Shirley T. Ruehl, has no other beneficiaries or any other person who was financially dependent upon her at the time of her death or otherwise equitably entitled to share in the settlement proceeds, evidenced by the Affidavits attached to the motion as Exhibit B, C and D.

10. Movant is empowered by 42 Pa. C.S. § 8301 et seq. and 42 Pa. C.S. § 8302 to compromise the Wrongful Death and Survivor claims which he possesses as the Administrator of the Estate of Shirley T. Ruehl.

11. Movant is authorized by the Superior Court No. 8 For Marion County, State of Indiana to compromise the Wrongful Death and Survivor claims evidenced by the Order Authorizing Compromise and Settlement of Wrongful Death Claim, attached to the motion as Exhibit E.

12. Movant believes the settlement to be fair and reasonable best interest of the Estate of Shirley T. Ruehl.

13. Movant entered into a forty percent (40%) contingency fee agreement, plus expenses, with Bordas & Bordas, P.L.L.C.

14. Movant is satisfied with the legal representation provided by Bordas & Bordas, P.L.L.C. and understands that a forty percent (40%) contingency fee agreement is a reasonable and customary fee for claims of this type. Movant has no objection to the contingency fee and expenses charged by Bordas & Bordas, P.L.L.C, in the amount of $76,037.01, which are itemized in Exhibit F to the motion.

15. Movant is aware of the Estate's obligation to satisfy the following liens:
    a. CMS – $93,853.54
    b. AARP – $16,575.00

16. After attorneys' fees and expenses and satisfaction of the liens, the balance of the settlement proceeds ($113,534.65) is to be distributed to Movant, Edward H. Ruehl.

17. The Movant is aware that pending before the court is a motion for sanctions against Movant's liability expert witness for his failure to comply with a court order.

18. In the event that Movant is awarded sanctions for his liability expert's failure to comply with a court order, and absent an appeal by Movant's liability witness, the full amount of the sanctions will be distributed directly to Movant, Edward H. Ruehl in accordance with the wrongful death and survival damage allocation as below.

19. In the event that Movant's liability expert witness files an appeal of the Court's decision granting sanctions against Movant's liability expert witness, Bordas and Bordas, PLLC will hold back and escrow a sufficient amount of the settlement proceeds for ongoing litigation expenses, which will remain the responsibility of the Movant.

20. Each beneficiary has signed an Affidavit and Consent, which are attached to the motion collectively as Exhibits B, C and D.

21. In accordance with Exhibits B, C and D, Movant Edward H. Ruehl, Rebecca Farley and Barbara (Babbi) Reagan, respectfully, request that from the gross settlement of $500,000.00 the Court approves the forty (40%) attorney fee and expenses of $76,037.01.

22. As to the remaining sum of $113,534.65 Movant requests that 70% be made payable as wrongful death damages and 30% of the net settlement proceeds be made payable as survival damages.

23. Movant proposes, subject to Court approval, to voluntarily dismiss with prejudice the claims asserted against the defendant.

24. Notice of the Verified Motion and Application of Edward H. Ruehl, Administrator of the Estate of Shirley T. Ruehl for Permission to Settle Wrongful Death Claims and Distribute Proceeds has been provided to the defendant.

WHEREFORE, upon consideration of the foregoing, it is ORDERED, ADJUDGED, and DECREED as follows:

(A) That the Verified Motion and Application of Edward H. Ruehl, Administrator of the Estate of Shirley T. Ruehl for Permission to Settle Wrongful Death Claims and Distribute Proceeds is APPROVED AND GRANTED;

(B) The Court specifically finds that the settlement agreement entered into between the Movant and the defendant is fair, reasonable and was made in good faith to resolve disputed legal claims for fair, reasonable and valuable consideration. That is, the Court finds that the individual components of this settlement and the settlement as a whole were made in good faith for all practical intents and purposes;

(C) That upon payment of the settlement proceeds, all claims of the Movant against the defendant in this matter are hereby extinguished, to the extent not already resolved by and through this settlement;

(D) That the attorney fees of Bordas & Bordas P.L.L.C. are fair and reasonable and Movant is authorized and directed to pay the fees and expenses from the gross settlement proceeds as set forth in the motion and the Affidavit and Consent of Edward H. Ruehl;

(E) That 70% of net settlement proceeds shall be awarded to the Wrongful Death claim and 30% of the net settlement proceeds shall be awarded to the Survival claim on behalf of the Estate and are to be distributed to Movant Edward H. Ruehl in

accordance with the Affidavits and Consents of Edward H. Ruehl, Rebecca Farley and Barbara (Babbi) Reagan;

(F) In the event that Movant is awarded sanctions for his liability expert's failure to comply with a court order, and absent an appeal by Movant's liability witness, the full amount of the sanctions will be distributed directly to Movant, Edward H. Ruehl in accordance with the wrongful death and survival damage allocation as above.

(G) In the event that Movant's liability expert witness files an appeal of the Court's decision granting sanctions against Movant's liability expert witness, Bordas and Bordas, PLLC will hold back and escrow a sufficient amount of the settlement proceeds for ongoing litigation expenses, which will remain the responsibility of the Movant.

(H) That the settlement terms and distribution described herein are fair and reasonable and in the best interests of the Estate of Shirley T. Ruehl; and,

(I) That the Court authorizes and directs Movant to sign a release in favor of the defendant herein.

The Court ORDERS the defendant to produce the agreed upon settlement check to Movant's counsel within thirty (30) days from the date the release is signed by Movant; otherwise, statutory interest will begin to accrue.

The Court further ORDERS that all claims of the Movant against the defendant in this matter are hereby dismissed WITH PREJUDICE.

Entered this 9th day of February, 2018.

*Martin C. Carlson*
Magistrate Judge Martin C. Carlson